ADAMS, Justice.
The plaintiff, James S. Deering, appeals from a summary judgment for defendants Eugene Revoner and Dan Burgess. In the suit, Deering alleged that Burgess and Re-voner had fraudulently induced him to accept an automobile by falsely representing to him that it had a “sports suspension package.” We affirm.
*292 On November 6, 1984, Deering placed an order for a 1985 Dodge Charger automobile at Countywide Dodge Chrysler Plymouth, Inc. (“Countywide”). Deering ordered several options that were to be placed on the automobile, including the controverted sports suspension package at a cost of $317.00.
Shortly after accepting delivery of the automobile, Deering says, he noticed that the rear anti-sway bar, which he contends was supposed to be a part of the sports suspension package, was missing. Deering said he returned to Countywide, making inquiries as to whether the rear anti-sway bar or the entire sports suspension package had been included on the automobile.. There is testimony to the effect that A.J. Tice, Countywide’s service manager, told Deering that there was no rear anti-sway bar on the automobile; that when Burgess, Countywide’s sales manager, was presented with this information, Burgess told Deering that the anti-sway bar was on the automobile; that Burgess said it was on the front axle because the automobile had front-wheel drive; that Deering, unsatisfied with this response, contacted Revoner, a representative of Chrysler Corporation (“Chrysler”); and that Revoner told Deering that he had received what he had paid for.
Thereafter, Deering sued Countywide; Burgess, individually and as an agent and employee of Countywide; Chrysler; Revoner, individually and as an agent and employee of Chrysler; and various fictitiously named defendants.
In count I of his complaint, Deering alleged fraud and misrepresentation against all of the defendants. Count II, alleging that Countywide had breached its contract with him, is not before us.
Revoner and Burgess filed motions to dismiss pursuant to Rule 12, Ala.R.Civ.P. Because these motions were supported by an affidavit addressing the factual aver-ments of Deering’s misrepresentation claim, the trial court treated these motions as motions for a summary judgment.
Following a scheduled hearing, the trial court rendered summary judgments for Burgess and Revoner on Deering’s claim for fraud. Following a Rule 54(b), Ala.R. Civ.P., certification of finality, Deering appeals.
Because this Court treated both motions as motions for summary judgment, only one issue is presented for pur review: Whether the evidence in support of the motions eliminates all genuine issues of material fact so as to entitle these defendants to a judgment as a matter of law. Rule 56, A.R.Civ.P.
Deering’s claim is that these defendants fraudulently misrepresented the presence of a “sports suspension” package on the automobile and that by so doing Burgess induced him to accept it. The elements of a claim for fraud are too well established to bear repeating here. Code of Ala.1975, § 6-5-101, and Fountain-Lowrey Enterprises v. Williams, 424 So.2d 581 (Ala.1982).
The evidence submitted by these defendants in support of their summary judgment motions is to the effect that the automobile purchased by Deering did in fact include sport suspension tires and cast aluminum road wheels as reflected by the bill of lading and that the sales invoice shows that Deering “received what he paid for on his vehicle.” Thus, Deering’s failure to counter these factual assertions leaves the evidence uncontradicted and entitles these defendants to judgment as a matter of law on Deering’s claim for misrepresentation.
In conclusion, we caution against construing this opinion as a comment upon the evidence with respect to Deering’s remaining claims, if any, against these or the remaining defendants. Indeed, we note that the affidavit relied upon by these defendants, appellees, in support of their motions, contains the following concluding paragraph:
“From my review of the parts cat-alogue, the sales brochure, the Bill of Lading and the Buyer’s Order for the antisway bar, it appears that the dealer, Countywide Dodge Chrysler Plymouth, *293 Inc. and the customer, James S. Deering, were confused.”
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.